UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN M. THOMAS, | ) | CASE NO. 4:13CV1469 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MAHONING COUNTY JAIL, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Shawn M. Thomas filed the above-captioned action under 42 U.S.C. § 1983 against the Mahoning County Jail and various employees of the Mahoning County Sheriff's Department[1] (collectively "defendants"). In his complaint, plaintiff asserts, among other things, that Deputy Novicky and Deputy Schoolcraft used excessive force to subdue him. (Complaint, Doc. No. 1.) He seeks $5,000,000.00 in monetary damages, as well as injunctive and declaratory relief.

Plaintiff originally filed this action in 2010 against the Mahoning County Jail, Deputy Denno, Deputy Novicky, and Deputy Schoolcraft. *Thomas v. Denno*, Case No. 4:10CV2723 (N.D. Ohio 2010). This Court dismissed the claims against the Mahoning County Jail, with prejudice, under 28 U.S.C. § 1915(e) for failure to state a claim upon which

---

[1] The individual defendants are: Sheriff Randall A. Wellington, Lieutenant Steve Szekley, Sergeant Gary Bielecki, Deputy Brian Gideon, Deputy John Denno, Deputy Matthew Novicky, Deputy Jeff Schoolcraft, Deputy Jeffrey Lewis, Deputy Jeremiah Felton, Deputy Joseph Herman, Deputy Sherman Duncan, Deputy Marcio Rojas, and Unknown John/Jane Does. (Complaint, Doc. No. 1.)

relief may be granted. The Court later granted partial summary judgment in favor of the remaining defendants because plaintiff failed to exhaust his administrative remedies prior to filing the action as required by 42 U.S.C. § 1997e. The claims against Denno, Novicky, and Schoolcraft were dismissed without prejudice.

## I. Factual Background

Plaintiff alleges he was being held in the Mahoning County Jail on December 6, 2008 when the incident in question took place. He contends he just received his dinner food tray in his cell when he was notified that he had visitors. He claims he left his tray untouched in his cell, intending to eat when his visit was over. When he returned, he found his food tray had been removed, his cell had been searched, and he had been given a conduct report. He pushed the intercom button in his cell to ask Deputy Novicky what had happened. He claims Novicky laughed at him and when plaintiff requested he call the sergeant, he refused.

Plaintiff contends he then created a security breech by covering his cell window with a towel, knowing Novicky would have to summon the sergeant. After several failed attempts to get plaintiff to voluntarily remove the visual obstruction, Novicky called a sergeant to resolve the situation. Sergeant Bielecki came to plaintiff's cell and plaintiff removed the towel. He told the sergeant what had occurred with Novicky and asked to be moved away from that deputy. The sergeant indicated he would replace the food tray, photocopy pictures that were damaged during the cell search, and speak to Novicky regarding his behavior. Plaintiff was not satisfied with this proposed solution, and informed the sergeant that if he left without granting all of plaintiff's requests, plaintiff would "pop the

water sprinkler head on the wall[.]" (Doc. No. 1 at 11). Bielecki strongly advised against this course of action indicating to plaintiff that he would not like the consequences of that action.

Plaintiff alleges that after the sergeant left, Novicky came on the intercom to speak to him. Plaintiff claims this behavior antagonized him and he responded by popping the water sprinkler in his cell, causing a small flood. At that point, Bielecki and approximately fifteen other officers came to plaintiff's cell, and ordered him through the closed cell door to face away from door, and get on his knees. Plaintiff did not comply with this request. Novicky opened the slot on the cell door and sprayed pepper spray into plaintiff's face. Novicky and Schoolcraft then opened the cell door and entered. Plaintiff claims Novicky placed him in a headlock position, struck him in the face with his radio, and threw him to the floor. He alleges that while other officers were placing him in handcuffs, Novicky began choking him as other deputies began beating him. He contends deputies lifted him out of the water in the flooded cell and carried him to the booking area where they forced him to shower. Several nurses came to treat plaintiff. He alleges he was taken to an area hospital where he received stitches for a gash above his eye.

Plaintiff entered into a plea agreement on December 16, 2008. Following sentencing, he was transferred to another facility on December 19, 2008 to begin serving his ten-year sentence.

Plaintiff contends the defendants violated his First Amendment right to petition the government, his Fifth and Fourteenth Amendment right to due process, and his Eighth Amendment right to be free from cruel and unusual punishment. He specifies that he is bringing his claims against the defendants only in their individual capacities.

3

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam), *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *see also Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (applying the Rule 12(b)(6) standard). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id*. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be

enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Id.* (internal cite omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Analysis

As an initial matter, plaintiff fails to state a claim upon which relief may be granted against Wellington, Szekley, Gideon, Lewis, Felton, Herman, Duncan, Denno, and Rojas. Plaintiff specifically states that he is asserting claims against each defendant only in the defendant's individual capacity and not in his official. To state a claim against a defendant in his individual capacity, plaintiff must allege facts showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *See Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995). Plaintiff alleges Novicky and Schoolcraft used excessive force to subdue him and appears to

claim that Bielecki may have been present at the time.[2] Because the complaint contains no facts which reasonably suggest the other defendants participated in the alleged physical assault of plaintiff, he fails to state a claim upon which relief may be granted against them for use of excessive force.

Plaintiff's claims against the Mahoning County Jail must also be dismissed. Plaintiff asserted the same claims against the jail in the original action. This Court considered that claim and dismissed it on the merits with prejudice. He is now asserting the same claim in this action.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*. at 660-61. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Id*. Both of

---

[2] Since the Court is unaware of when plaintiff may have exhausted his administrative remedies, the Court has not performed an analysis as to whether plaintiff's claims against the three remaining defendants may be barred by the statute of limitations. Additionally, since Bielecki was not named in plaintiff's original complaint, he may have an additional basis to argue a statute of limitations defense.

these requirements are met in this case. The claim asserted in this case is identical to the claim asserted in the 2010 action. Plaintiff is therefore precluded from litigating this claim for a second time.

The Court is aware that *res judicata* is an affirmative defense that generally must be raised by the defendant. Fed. R. Civ. P. 8(c); *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988). However, the United States Supreme Court as well as the Sixth Circuit Court of Appeals have indicated that a court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412, 120 S. Ct. 2304, 147 L. Ed. 2d 374 (2000); *Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 757 (6th Cir. 2003). The "special circumstance" recognized in *Arizona*, occurs when "a court is on notice that it has previously decided the issue presented[.]" *Arizona*, 530 U.S. at 412 (internal quote omitted); *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013). This case fits precisely within those special circumstances. This Court already issued a decision on this claim in the original action. *Res judicata* bars the plaintiff from asserting it in this action.

Moreover, the claim is subject to dismissal for the same reason it was dismissed the first time. The Mahoning County Jail is not a legal entity capable of being sued. *See Williams v. Dayton Police Dep't* 680 F. Supp. 1075, 1080 (S.D. Ohio 1987). Rather, it is a facility owned and operated by Mahoning County. *Id.* Plaintiff's claims against the Jail therefore are construed as against Mahoning County.

Plaintiff failed to state a claim upon which relief may be granted against Mahoning County. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Here, plaintiff specifically states that he is suing the Jail under a *respondeat superior* theory of liability. The Mahoning County Jail (or more appropriately Mahoning County) cannot be held liable for the actions of its employees under *respondeat superior*. In addition, plaintiff does not identify a particular policy or custom or edit of Mahoning County that the employees were carrying out when they engaged in the actions described in the complaint. For the same reason the Court dismissed this claim in the first action, it is also subject to dismissal here.

## IV. Conclusion

For all the foregoing reasons, plaintiff's claims against the Mahoning County Jail, Wellington, Szekley, Gideon, Lewis, Felton, Herman, Duncan, Denno, and Rojas are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e). This action shall proceed solely against Novicky, Schoolcraft and Bielecki. The Clerk's Office is directed to forward the

appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the remaining defendants.

**IT IS SO ORDERED**.

Dated: March 28, 2014

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**