**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAWN M. THOMAS, | ) | CASE NO.  4:13CV1469 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| MATTHEW NOVICKY, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Now pending before the Court in this civil rights action, brought under 42 U.S.C. § 1983, is defendants' motion to dismiss the complaint (Doc. No. 9 ["MTD"]). Plaintiff opposes the motion to dismiss (Doc. No. 12 ["Opp."]), defendants have filed a reply (Doc. No. 13 ["Reply"]), and plaintiff has filed an unauthorized sur-reply (Doc. No. 15 ["Sur-Reply"]). Plaintiff has also filed a motion to amend (Doc. No. 8), which stands unopposed. Also unopposed is plaintiff's filing styled "Motion to Object [to] Memorandum Opinion and Order," which the Court construes as a motion for reconsideration (Doc. No. 7).

### I. BACKGROUND

*Pro se* plaintiff Shawn Thomas ("plaintiff") alleges that, on December 6, 2008, while he was being held in the Mahoning County Jail as a pre-trial detainee, he was assaulted by numerous jail employees. (Doc. No. 1 ["Compl."] ¶¶ 1, 12-18.) According to the complaint, on the night in question, plaintiff returned to his cell after receiving a visit from his parents to find that his dinner tray had been removed, his personal photographs

had been damaged, and his cell had been "ransacked." (*Id.* ¶¶ 2-3.) When plaintiff's complaints about the condition of his cell went unanswered by jail staff, plaintiff attempted to create a security breach first by placing a towel over his cell window and later by "popping" the sprinkler system. (*Id.* ¶¶ 4-11.) Plaintiff alleges that when correction officers came to investigate the source of the flooding in the general vicinity of plaintiff's cell, several officers entered plaintiff's cell and physically assaulted and verbally harassed him, causing physical and emotional injuries. (*Id.* ¶¶ 12-18 and U.)

This action is the second lawsuit plaintiff has initiated involving the events of December 6, 2008. The first action was filed on December 2, 2010 and was randomly assigned to the undersigned. (*Thomas v. Denno, et al.*, Case No. 4:10CV2723, Doc. No. 1.) Plaintiff named as defendants in this prior action the following: the Mahoning County Jail, Deputy John Denno, Deputy Matthew Novicky, and Deputy Jeff Schoolcraft. On May 11, 2011, the Court issued a memorandum opinion and order dismissing the Mahoning County Jail and Mahoning County—to the extent that it was the proper municipal entity—as defendants. (*Id.*, Doc. No. 7.)

The parties eventually consented to the jurisdiction of the magistrate judge, and, on February 27, 2012, Magistrate Judge Limbert issued a memorandum opinion and order dismissing the action against the remaining defendants without prejudice for failure to exhaust administrative remedies. (Case No. 4:10CV2723, Doc. No. 33.) Plaintiff attempted to re-open the prior action on December 18, 2012, maintaining that he had successfully exhausted his administrative remedies. (*Id.*, Doc. No. 43.) In a memorandum opinion and order, dated February 12, 2013, the magistrate

2

judge denied the motion to re-open, explaining that, if plaintiff had indeed exhausted his administrative remedies, his "option" was to file a new lawsuit. (*Id*., Doc. No. 46 at 353[1] [quoting *Gunther v. Ohio Dep't of Corr*., 198 F.3d 245, at *1 (6th Cir. Nov. 9, 1999) (table decision)].)

On July 8, 2013, plaintiff filed the present action[2] against the Mahoning County Jail, Deputy Novicky, Deputy Denno, Deputy Schoolcraft, and various other county employees.[3] Though considerably richer in factual detail, the complaint contains many of the same allegations as the complaint filed in the original action. Appended to the present complaint is an "affidavit," wherein plaintiff attests that he has now "exhausted all of [his] administrative remedies with the Mahoning County Justice Center 'Jail.'" (Compl. at 19.)

On March 28, 2014, the Court dismissed the Mahoning County Jail and Mahoning County, pursuant to the doctrine of *res judicata*. (Doc. No. 5 at 38-40.) The Court also dismissed all of the individual defendants—with the exception of Deputies Novicky and Schoolcraft and Sergeant Bielecki—because the complaint failed to state a cause of action against them. (*Id*. at 37.)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] The present action was originally assigned to the Honorable John R. Adams, but was transferred to this Court, on July 8, 2013, as a related case.

[3] In addition to Novicky, Denno, and Schoolcraft, the individual defendants included: Sheriff Randall A. Wellington, Lieutenant Steve Szekley, Sergeant Gary Bielecki, Deputy Brian Gideon, Deputy Jeffrey Lewis, Deputy Jeremiah Felton, Deputy Joseph Herman, Deputy Sherman Duncan, Deputy Marcio Rojas, and Unknown John/Jane Does.

## II. DEFENDANTS' MOTION TO DISMISS

In their motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the remaining defendants contend all of plaintiff's claims are time-barred. They further insist that verbal harassment cannot form the basis for a constitutional claim, and that they are entitled to statutory immunity for plaintiff's state claims.

### A. Standard of Review

In reviewing a complaint in the context of a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Id.* at 555. Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotation marks and citation omitted). And, "'[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678.)

As a general rule, a court cannot consider matters outside the four corners of the complaint when ruling on a motion to dismiss under Rule 12(b)(6). *Weiner v. Klais*

*and Co., Inc.*, 108 F.3d 86, 88-89 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). If a party presents material outside the pleadings to the court and the court does not exclude the material from consideration, the court must treat the motion as a motion for summary judgment under Federal Rule of Civil Procedure 56 and give all parties a reasonable opportunity to present all pertinent material. Fed. R. Civ. P. 12(d).

      **B.**    **Timeliness of Plaintiff's Claims**

      Defendants insist that plaintiff's clams are time-barred by the applicable statutes of limitations. Because § 1983 does not contain its own statute of limitations, courts must look to state law to determine the relevant limitations period. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005) (citation omitted). The Sixth Circuit has held that "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc); *see Holson v. Good*, No. 13-4134, 2014 WL 4235759, at *2 (6th Cir. Aug. 27, 2014) ("In Ohio, the statute of limitations for a § 1983 claim is two years and runs from 'when the plaintiff knows or has reason to know of the injury which is the basis' of the claim.") (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003)). Also under Ohio law, the statute of limitations period for assault claims is one year, *see* Ohio Rev. Code Ann. § 2305.111(B), and the limitations period for intentional infliction of emotional distress is four years. *See* Ohio

Rev. Code Ann. § 2305.09; *Yeager v. Local Union 20*, 453 N.E.2d 666, 672 (Ohio 1983), *abrogated on other grounds by Welling v. Weinfeld*, 866 N.E.2d 1051, 1054 (Ohio 2007).

In response to defendants' statute of limitations argument, plaintiff highlights the fact that he first raised his claims in his 2010 complaint in the prior action and that the claims contained in the present complaint should relate back to the original filing. According to Ohio's savings statute, where a plaintiff's action is dismissed other than on the merits, and the statute of limitations has expired by the time of dismissal, the plaintiff is afforded an extra year in which to re-file. Ohio Rev. Code Ann. § 2305.19(A).

Defendants insist that the savings statute cannot rescue plaintiff's constitutional claims. They argue that when plaintiff's prior action was dismissed without prejudice on February 27, 2012, the statute of limitations on his constitutional and assault claims had expired. Consequently, plaintiff had one year under the savings statute—until February 27, 2013—to refile his complaint. Plaintiff did not file the present case until July 8, 2013, rendering plaintiff's constitutional and assault claims, in defendants' estimation, "simply time-barred." (MTD Reply at 85.)

Although this argument has some logical appeal, it fails to account for the time period during which plaintiff was attempting to exhaust his administrative remedies through the jail's grievance process. The Prison Litigation Reform Act ("PLRA") requires that prisoners present their claims through an administrative grievance process prior to seeking redress in federal court. 42 U.S.C. § 1997e(a). In accordance with the PLRA, prisoners must comply with exhaustion requirements with respect to any claim that arises in the prison setting, regardless of the type of clam asserted, or the relief

sought. *See Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.") "Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust such administrative remedies as are available." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (citing 42 U.S.C. § 1997e(a)). "For this reason, the statute of limitations which applie[s] to [a plaintiff's claims is] tolled for the period during which his available state remedies were being exhausted." *Id.* (citations omitted); *see Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004) (citation omitted).

The complaint plaintiff filed in the prior action was dismissed for a failure to exhaust remedies. Plaintiff now alleges that, in the interim between the dismissal of his first action and the filing of the second, he exhausted his administrative remedies. He is, therefore, entitled to a tolling of the applicable statute of limitations periods for the time during which he was pursuing his administrative remedies. *See Brown*, 209 F.3d at 596. The pleadings do not offer insight as to when plaintiff was pursuing his administrative remedies, making it impossible on a Rule 12(b)(6) motion for the Court to determine the correct tolling period and, ultimately, to determine whether plaintiff's claims are time-

barred.[4] Accordingly, defendants are not entitled to a Rule 12(b)(6) dismissal on the pleadings of plaintiff's claims as untimely.

### C.   Plaintiff's Harassment Claim is not Cognizable Under Federal Law

Defendants also posit that plaintiff cannot maintain a claim under § 1983 for verbal harassment. The Court agrees. "An inmate has no constitutionally protected right to be free from verbal abuse." *Scott v. Kilchermann*, 230 F.3d 1359, at *2 (6th Cir. Sept. 18, 2000) (table decision); *see Ellis v. Ficano*, 73 F.3d 361, at *14 (6th Cir. Dec. 27, 1995) (table decision) ("[I]solated threats and verbal abuse are not violations of constitutional magnitude. Fear from spoken words is not an infringement of a constitutional right.") (citing *Emmons v. McLaughlin*, 874 F.2d 351 (6th Cir. 1989); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985)). Thus, to the extent that plaintiff is attempting to assert a stand-alone constitutional claim for verbal harassment, *see* Compl. at 4, such claim is dismissed.

---

[4] In fact, it is unclear whether plaintiff *has* exhausted his administrative remedies. While the complaint would indicate that exhaustion is complete, plaintiff represents in his sur-reply that he is still attempting to exhaust, suggesting that he filed a grievance to which he has received no response from jail officials. (Sur-Reply at 92-93.) In support, plaintiff has attached his undated grievance and letters he has sent to various jail officials inquiring into the status of his grievance. (Doc. No. 15-1.) However, confined to the pleadings, as it is on a Rule 12(b)(6) motion, the Court cannot determine whether plaintiff has "properly exhausted" his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ."); *but see Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) ("administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance"). It may be that, after the record is developed during discovery, defendants will be able to meet their burden of demonstrating that plaintiff still has not exhausted his remedies, in which case dismissal would be appropriate. *See Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) ("A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA[.] . . . [I]nmates are not required to specifically plead or demonstrate exhaustion in their complaints.' Instead, the failure to exhaust 'must be established by defendants.'") (quoting *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); and *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Defendants may also be able to demonstrate that, notwithstanding a tolling, the claims are still time barred. Nonetheless, the Court leaves the issues of exhaustion, tolling, and timeliness for summary judgment.

**D.      Availability of Immunity for State Claims**

Finally, with respect to plaintiff's state law tort claims, defendants assert that they are entitled to immunity under Ohio Rev. Code Ann. § 2744.03, which provides that employees of a political subdivision are immune from liability in a civil action for injury, death, or loss to person or property so long as their conduct does not fit within one of four enumerated exceptions. Ohio Rev. Code Ann. § 2744.03(A)(6). Pertinent to the Court's analysis is the exception that "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" § 2744.03(A)(6)(b). For purposes of § 2744.03(A)(6)(b), wanton misconduct "is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson v. Massillon*, 983 N.E.2d 266, 273 (Ohio 2012) (citations omitted). "Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id*. (citations omitted). "The Ohio Supreme Court has held that 'the issue of wanton misconduct is normally a jury question.'" *Harris v. City of Circleville*, 583 F.3d 356, 370 (6th Cir. 2009) (quoting *Fabrey v. McDonald Vill. Police Dep't*, 639 N.E.2d 31, 35 (Ohio 1994)).

In his complaint, plaintiff alleges that Deputy Novicky struck plaintiff in the face with a walkie talkie, threw plaintiff to the ground, and then chocked him. (Compl. ¶ 17.) He further alleges that the other defendants continued to beat plaintiff after he was taken to the ground, handcuffed, and subdued. (*Id*. ¶ 18.) These allegations, assuming they are true, would be sufficient to establish that defendants acted recklessly

or with wanton misconduct. *See, e.g., Harris*, 583 F.3d at 366 (evidence that officers struck prisoner on the ground, after he was handcuffed, disregarded his cries for help, and kicked him in the ribs was sufficient for a reasonable juror to conclude that the officers' behavior was reckless and wanton). Defendants' request for dismissal of the state tort claims under Ohio Rev. Code Ann. § 2744.03 is denied.

### III. PLAINTIFF'S MOTION FOR RECONSIDERATION

By way of an "objection," plaintiff appears to seek reconsideration of the Court's March 28, 2014 memorandum opinion and order dismissing various defendants from this action. (Doc. No. 7.) While the Federal Rules of Civil Procedure do not provide for reconsideration, courts have treated such requests as seeking relief under Rule 59(e). *See McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). A party may seek to alter or amend a judgment under Rule 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion is rarely granted "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011) (quotation marks and citation omitted). While the rule permits the reconsideration of rulings, it does not permit parties to effectively "'re-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Rule 59(e) motions are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided[.]" *Davison v. Roadway Express, Inc*., 562 F. Supp. 2d 971, 984 (N.D. Ohio 2008). Instead, the moving party "must either

10

clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (quotation marks and citation omitted).

Although the Sixth Circuit has not precisely defined the term "manifest error" in the context of Rule 59(e) motions, definitions from other courts demonstrate that a high standard applies. The Seventh Circuit defines "manifest error" as the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (also noting that the "[a] 'manifest error' is not demonstrated by the disappointment of the losing party") (quotation marks and citation omitted). In like fashion, the Northern District of Texas cautions courts to possess a "clear conviction of error" before finding the presence of manifest error. *H & A Land Corp. v. City of Kennedale, Tex.*, Civil Action Nos. 4:02-CV-458-Y, 4:02-CV-471-Y, 2005 WL 6803499, at *2 (N.D. Tex. Oct. 24, 2005) (quotation marks and citation omitted).

Plaintiff takes issue with the Court's dismissal of various individual defendants. He complains that his complaint states that the dismissed individuals "had the involvement of beating on the [p]laintiff during a cell extraction . . . ." (Doc. No. 7 at 49.) He also represents that his complaint states that these individual defendants "were beating on the [p]laintiff, after he was already subdued and handcuffed behind his back at the same time these [d]efendants were additionally punching, elbowing, kneeing, hitting and striking the [p]laintiff with their hands, fists and feet." (*Id.*) Finally, plaintiff points to his unsworn "affidavit," appended to his complaint that provides that, "All named

11

individuals within this complaint had some sort of involvement pertaining to the violent attack against me on December 6, 2008 and did nothing to prevent it." (*Id*. at 50 [quoting Compl. Aff. at 19].)

A review of the complaint allegations, however, demonstrates that the only defendants to whom specific acts of violence toward plaintiff are attributed are Novicky and Schoolcraft. The complaint also alleges that Bielecki and "unknown John/Jane Does" may have been present during the alleged physical assault. Moreover, plaintiff's vague and conclusory statement that all of the named defendants "had some sort of involvement pertaining to the violent attack" fails to set forth facts "upon which a court could find a violation of the Civil Rights Acts. . . ." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994) (quotation marks and citation omitted); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (the court is not required to "guess at the nature of the claims asserted"), *abrogated on other grounds by Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001)) (en banc). Without factual allegations that would reasonably suggest that the other named defendants participated in the assault, plaintiff fails to state a claim upon which relief may be granted against them. *See Ky. v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (In order to hold individual defendants liable in their individual capacities under § 1983, the plaintiff must show that they were personally involved in the alleged constitutional deprivations). Plaintiff's request for reconsideration, therefore, is denied.

### IV. PLAINTIFF'S MOTION TO AMEND

In the alternative, plaintiff seeks leave to amend his complaint in three specific ways. First, he wishes to add that the individual defendants, both those previously dismissed by the Court and those remaining in this action, are sued in their official capacities, as well as their individual capacities. Second, he intends to allege that certain supervisory employees failed to stop the attack or ensure plaintiff's safety. Third, plaintiff desires to assert factual allegations that certain previously dismissed individual defendants participated in the alleged violent assault.

Courts are encouraged to freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend should be denied, however, "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted); *see Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011); *Perkins v. Am. Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 605 (6th Cir. 2001) (citation omitted). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty*., 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres*., 632 F.2d 21, 23 (6th Cir. 1980)).

Although this Court construes plaintiff's *pro se* motion liberally, it finds that it would be futile for plaintiff to amend to add that the individual defendants are sued in their official capacities. "In an official capacity action, the plaintiff seeks damages not

13

from the individual officer, but from the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Thus, an action against an individual officer in his official capacity is the functional equivalence of an action against the municipality in which he serves. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Graham*, 473 U.S. at 165 (official capacity suits "'generally represent only another way of pleading an action against an entity of which the officer is an agent'") (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Because the Court has already dismissed Mahoning County from this litigation, suing the individual defendants in their official capacities as county employees would be futile.

Plaintiff also seeks to hold two supervisory employees responsible for the alleged assault. He claims that Sheriff Wellington "failed to train these deputy sheriff's [sic] properly and failed to discipline them for their actions in this matter. He also failed to maintain a safe environment . . . ." (Doc. No. 8 at 64.) He further alleges that Lieutenant Steve Szekley is "responsible for maintaining the standards of employee conduct and providing the detainees with a safe environment . . . [and that he] failed to control [the] officers working under his supervision." (*Id.* at 63, 64.)

Section 1983 does not permit a defendant to be held liable merely based upon a failure to supervise. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006) ("Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct.") (quotation marks and internal citation omitted).

To establish liability of a supervisor, a plaintiff must show, at a minimum, "that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (citation omitted); *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.") (quotation marks and citation omitted); *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003) ("A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability.") (citation omitted). Supervisory liability cannot be based upon the failure to act, or simply because a supervisor denied a grievance or failed to act based upon information contained in a grievance. *See Shehee*, 199 F.3d at 300. In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Id.*

Plaintiff does not maintain that defendants Wellington and Szekley were present during the alleged assault, and he offers no proposed factual allegation that Wellington or Szekley "directly participated, encouraged, authorized or acquiesced" in any of the events that took place on December 8, 2006. *See Shehee*, 199 F.3d at 300. Because plaintiff has failed to point to any facts that defendants Szekley[5] and

---

[5] The only possible active involvement by Szekley plaintiff sets forth in his motion is his belief that Szekley "tampered with evidence as he altered the DVD that was recorded for the date of this incident . . . ." (Doc. No. 8 at 64.) The only factual allegation plaintiff offers in support of this conclusory statement is the fact that Szekley "stated in his incident report that the DVD was recorded in three separate sections due to technical difficulties." (*Id.*) Such a fact, alone, would be insufficient, on its face, to allow the fact-finder to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg*, 579 F.3d at 609 (citation omitted); *see Twombly*, 550 U.S. at 557 (Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.") (citation omitted). Without more, plaintiff's conclusion fails to "raise a right to relief above the speculative level[.]" (*Id.* at 555) (citation omitted).

Wellington[6] engaged in active unconstitutional behavior, he cannot maintain a claim against them under § 1983.

It would not, however, be futile for plaintiff to amend his complaint to allege that the non-supervisory defendants who were previously dismissed from this action personally participated in the alleged physical attack of plaintiff. In his motion to amend, plaintiff maintains that, in addition to Novicky and Schoolcraft, Deputies Gideon, Denno, Lewis, Felton, Herman, Duncan, and Rojas "were personally involved in the excessive force used against the [p]laintiff leaving him personally injured . . . ." (Doc. No. 8 at 64.) He further asserts that these deputies "beat on the [p]laintiff[.]" (*Id.*) Such allegations, if believed by a jury, would be sufficient to establish that these individuals violated plaintiff's constitutional right to be free from excessive force. Plaintiff, therefore, will be permitted to amend his complaint to assert that Deputies Gideon, Denno, Lewis, Felton, Herman, Duncan, and Rojas directly participated in the alleged assault on December 6, 2008. This limited grant of leave should not be interpreted by plaintiff as an opportunity to add additional claims or to otherwise change the nature of the claims asserted in the complaint.

**V. CONCLUSION**

For all of the foregoing reasons, plaintiff's motion for reconsideration is denied, and defendants' motion to dismiss is granted, in part, in that plaintiff's claim for

---

[6] Plaintiff also alleges simply that Wellington "failed to train" the officers involved in the cell extraction. "Where, as here, the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or municipality may be held liable only where there is essentially a complete failure to train the police force, or training that is so reckless or grossly negligent that future police misconduct is almost inevitable[.]" *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Plaintiff's passing reference to training falls woefully short of setting forth a constitutional violation.

verbal harassment is dismissed. Plaintiff's motion to amend is granted, in part, as set forth above. Plaintiff shall have leave until January 12, 2015 to file an amended complaint that raises a claim against defendants Gideon, Denno, Lewis, Felton, Herman, Duncan, and Rojas.

       **IT IS SO ORDERED**.

Dated: December 8, 2014

                              **HONORABLE SARA LIOI**
                              **UNITED STATES DISTRICT JUDGE**

17