UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHAWN M. THOMAS, | Case No. 4:13CV1469 |
| Plaintiff, | |
| | MAGISTRATE JUDGE |
| | GEORGE J. LIMBERT |
| v. | |
| MAHONING COUNTY JAIL, et al., | MEMORANDUM OPINION & ORDER |
| Defendants. | |

Before the Court is a Motion to Dismiss filed by Brian Gideon, Marcio Rojas, Jeremiah Felton, Joseph Herman, Sherman Duncan, and Jeffrey Lewis ("Defendants") as to Plaintiff Shawn Thomas's ("Plaintiff") complaint against them. ECF Dkt. #34. Plaintiff, acting *pro se*, filed a brief in opposition to the motion, as well as a "supplemental objection" to the motion. ECF Dkt. ##35, 38. Defendants filed a reply and a sur-reply to Plaintiff's objections. ECF Dkt. ##36, 39. For the following reasons, the Court GRANTS Defendants' Motion to Dismiss. ECF Dkt. #34.

**I.     FACTUAL AND PROCEDURAL HISTORY**

Plaintiff's case stems from an incident which occurred on December 8, 2008, while he was held in the Mahoning County Jail as a pre-trial detainee. ECF Dkt. #29 at 2. Plaintiff alleges in his complaint that on the night in question, he returned to his cell after visiting with his parents and found his dinner tray missing, his photographs torn, and his cell "ransacked." ECF Dkt. #1 at 10. Plaintiff complained about the conditions of his cell, and was dissatisfied with the results of officials in handling his complaints. *Id.* at 11. Plaintiff thereafter "popped" the water sprinkler in his cell, causing officers to investigate the scene. *Id.* at 12. Plaintiff alleges that at this time, several officers entered his cell and assaulted him, causing him physical and emotional injuries. *Id.* at 6, 12-13.

Plaintiff first filed suit in this court on December 2, 2010 against defendants Mahoning County Jail, Deputy John Denno, Deputy Matthew Novicky, and Deputy Jeff Schoolcraft. *See* ECF

Dkt. #1 in *Thomas v. Denno*, et al., Case No. 4:10CV2723. On May 11, 2011, Judge Lioi dismissed Mahoning County and Mahoning County Jail as defendants pursuant to 28 U.S.C. § 1915(e) . *Id.*, ECF Dkt. #7. On February 27, 2012, the undersigned dismissed Plaintiff's complaint against the remaining defendants without prejudice because Plaintiff failed to exhaust his administrative remedies. *Id.*, ECF Dkt. #33. The Court subsequently denied Plaintiff's Motion to Reinstate his civil case. *Id.* ECF Dkt. #47.

On July 8, 2013, Plaintiff filed the present action against the Mahoning County Jail, Randall Wellington, Steve Szekley, Gary Bielecki, Brian Gideon, John Denno, Matthew Novicky, Jeff Schoolcraft, Jeffrey Lewis, Jeremiah Felton, Joseph Herman, Sherman Duncan, and Marcio Rojas. ECF Dkt. #1 at 6. On March 28, 2014, the Court dismissed the Mahoning County Jail and Mahoning County again under the doctrine of res judicata. ECF Dkt. #5 at 6-8. The Court also dismissed defendants Wellington, Szekley, Gideon, Denno, Lewis, Felton, Herman, Duncan, and Rojas for failure to state a claim upon which relief could be granted. *Id*. at 37. This left only Novicky, Schoolcraft, and Bielecki pending as Defendants in this case. *Id.* On April 11, 2014, Plaintiff filed a motion objecting to the Court's order. ECF Dkt. #7. On April 18, Plaintiff filed a motion to amend his complaint. ECF Dkt. #8. Defendants Bielecki, Novicky, and Schoolcraft filed a motion to dismiss on April 22, 2014. ECF Dkt. #9. On December 8, 2014, Judge Lioi filed a Memorandum Opinion and Order denying the Defendants' motion to dismiss, but granting Plaintiff leave to file and amend his complaint to state claims against Gideon, Rojas, Felton, Herman, Duncan, and Lewis by January 12, 2015. ECF Dkt. #17. Plaintiff filed an Amended Complaint on January 16, 2015, after the deadline set by the Court. ECF Dkt. #22.

On January 21, 2015, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #24 at 1. Plaintiff filed a motion for an extension to file his amended complaint, and this was granted until March 12, 2015. ECF Dkt. #27. Plaintiff filed his amended complaint on March 31, 2015, again after the deadline by the Court. ECF Dkt. #29. The amended complaint reinserted claims against Defendants, as well as claims against all defendants in their official capacities. *I*d. at 14. In response to Plaintiff's amended complaint, Defendants filed the instant motion to strike the amended complaint, and, in the alternative, a motion to dismiss. ECF Dkt. ##33, 34. Plaintiff filed

an objection and supplemental objection to Defendant's motions. ECF Dkt. ##35, 38. Defendants filed a reply and sur-reply to Plaintiff's objections. ECF Dkt. ##36, 39.

**II.       STANDARD OF REVIEW FOR MOTION TO DISMISS (FED.R.CIV.P. 12(b)(6)**)

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true, and construe the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556, 127 S. Ct. 1955, 167 L. ED. 2d 929 (2007). In order for a complaint to survive a motion to dismiss, it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 622, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "'[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Under Federal Rule of Civil Procedure 12(b)(6), the court may not consider matters outside the pleadings when deciding on a motion to dismiss. However, "if, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56." *Caley v. Astrue*, No. 5:11-cv-1146, 2011 WL 5545906 at *2 (N.D. Ohio Oct 27, 2011).

**III.      ANALYSIS**

     **A.       The Statute of Limitations Expired before Plaintiff Named Defendants**

Plaintiff's injuries stemmed from an event that he alleges occurred on December 8, 2008. ECF Dkt. #29 at 2. Plaintiff first named Defendants Gideon, Rojas, Felton, Herman, Duncan, and Lewis as Defendants in the case over four and a half years later, on July 8, 2013. ECF Dkt. #1 at 6. Cases arising under § 1983 do not contain a statute of limitations, so courts must apply state law to determine the relevant statute of limitations for each case. *Robertson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005) (citation omitted). Plaintiff's claims against these Defendants are for both physical injury and intentional infliction of emotional distress. According to Ohio Revised Code § 2305.10, the statute of limitations for bodily injury claims in Ohio is two years. "'Generally, the applicable statute of limitations for a claim of intentional infliction of emotional distress is four years. However, when the acts underlying the claim would support another tort, the statute of limitations

for that other tort governs the claim for intentional infliction of emotional distress." *Crist v. Pugin*, No. 3:08CV501 2008 WL 2571229, at *3 (N.D. Ohio 2008) (quoting *Stafford v. Clever Investigations Corp.*, No. 06AP-1204 2007 WL 2800333, at *2 (Ohio Ct. App. 2007)). Therefore, the statute of limitations for all of Plaintiff's claims would have expired two years from December 8, 2008, which is December 8, 2010.

Plaintiff's original suit was filed six days before the statute of limitations expired, and included reference to "John/Jane Does." *See* ECF Dkt. #1 in *Thomas v. Denno*, et al., Case No. 4:10CV2723. Plaintiff did not identify the instant Defendants in this case until he filed his amended complaint on March 31, 2015, over six years after the incident occurred. Further, Plaintiff's original case was dismissed without prejudice by this Court for failure to exhaust his administrative remedies on February 27, 2011. *Id.* ECF Dkt. #33. As noted by Judge Lioi in her December 8, 2014 Order, Plaintiff's statute of limitations was tolled while he exhausted his available state remedies. ECF Dkt. #17 at 7. However, this tolling refers to Plaintiff's claims against Defendants Bielecki, Novicky, and Schoolcraft. While Judge Lioi determined that the claims against these three defendants were not barred by the statute of limitations, she did not address the possibility that claims against new defendants may, in fact, be time-barred, as she had already *sua sponte* dismissed the additional six Defendants. ECF Dkt. #5 at 5-6.

### **B.** **Fed. R. Civ. P. 15(c)**

Plaintiff has now re-asserted claims against these Defendants. ECF Dkt. #29. Since Plaintiff did not name these six Defendants in his original 2010 lawsuit, the Defendants were not on notice of the lawsuit. In order for Plaintiff to successfully add these new Defendants to his claim after the expiration of the statute of limitations, they would need to meet the requirements of Federal Rule of Civil Procedure 15(c) regarding the addition of new parties to a lawsuit.

According to Fed. R. Civ. P 15(c), a plaintiff can amend his pleadings to change the name of the party if the party "received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). "A defendant's actual knowledge of the complaint and constructive knowledge that the plaintiff made a mistake in

-4-

failing to name him must occur within 120 days of the filing of the original complaint." *Smith v. City of Akron*, 476 Fed.Appx 67, 69 (6th Cir. 2012) (citing Fed. R. Civ. P. 4(m)).  Plaintiff must have been mistaken about the identity of the defendant in order to add new parties after the statute of limitations has run.  *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)(citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449-50 (6th Cir. 1991)); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973).

In this case, the first complaint for the purpose of providing Defendants with notice is Plaintiff's original complaint filed on December 2, 2010.  In this original complaint, Plaintiff did not name any of the six Defendants seeking dismissal from the current case.  *Thomas v. Denno*, et al., Case No. 4:10CV2723 ECF Dkt. #1.  Plaintiff asserts that because he included "John/Jane Does" as Defendants in his original case, that he should subsequently be allowed to substitute actual names for the "John/Jane Does" previously mentioned.  ECF Dkt. #35 at 2.  However, the Sixth Circuit has ruled that, "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Rule 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Cox,* 75 F.3d at 241.  An action against "John/Jane Does" does not commence until the "John/Jane Does" are identified and served with process. *Id*.  The statute of limitations is not tolled in the absence of service or process on the defendants. *Buffalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).  Plaintiffs may not use "John/Jane Doe" pleadings to circumvent statutes of limitations, because a change in party must meet all requirements of Rule 15 (c).

In this case, it is unclear whether Plaintiff knew the identities of the added Defendants at the time that he filed his original complaint.  However, according to the Sixth Circuit, "an absence of knowledge is not a mistake as required by Rule 15(c)(1)(C)(ii)." *Brown v. Cuyahoga County, Ohio*, 517 Fed.Appx. 431, 433-34 (6th Cir. 2013) (citing *Cox*, 75 F.3d at 240).  According to the United States Supreme Court, the word "mistake" as found in Fed. R. Civ. P. 15 should be understood in its plain meaning of "[a]n error, misconception, or misunderstanding; an erroneous belief." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (quoting Black's Law Dictionary 1092 (9th ed. 2009)).

-5-

Plaintiff's addition of Defendants in this case does not fall under Rule 15(c), and subsequently, these Defendants may not be added to the case because the statute of limitations expired before Defendants were named. According to the Sixth Circuit, a plaintiff does not make a mistake if "he simply did not know whom to sue or opted not to find out within the limitations period." *Smith*, 476 Fed.Appx 67, 69. In *Smith*, the plaintiff filed his complaint on the last day of the two-year statute of limitations period, leaving no time to discover the identity of the arresting officers. *Id.* Similarly in this case, Plaintiff waited until the last six days of the two-year statute of limitations to file his initial complaint, and subsequently may not have had the time to identify those involved in the alleged violations. However, the Sixth Circuit held that Rule 15(c) offers no remedy for this problem. *Id.*

## IV.  CONCLUSION

For the above reasons, the Court GRANTS Defendants' Motion to Dismiss because Plaintiff failed to name Defendants before the statute of limitations expired, and failed to relate the claims back under Fed. R. Civ. P 15(c).

Date:  July 7, 2015                    */s/George J. Limbert*
                                       GEORGE J. LIMBERT
                                       United States Magistrate Judge