UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


SHAWN THOMAS,                          )        CASE NO. 4:13CV1469
                                       )
              Plaintiff,               )        MAGISTRATE JUDGE
                                       )        GEORGE J. LIMBERT
      v.                               )
                                       )
                                       )
MATTHEW NOVICKY, et al.,               )        **MEMORANDUM OPINION & ORDER**
                                       )
              Defendants.              )


       This matter is before the Court on a motion for summary judgment filed by Defendants,

Deputy Matthew Novicky ("Novicky"), former Deputy Jeffrey Schoolcraft ("Schoolcraft") and

Sergeant Gary Bielecki ("Bielecki") (collectively "Defendants").  ECF Dkt. #59.  Plaintiff Shawn

Thomas ("Plaintiff") has filed a brief in opposition to the motion.  ECF Dkt. #62.  Plaintiff has also

filed "objections" to the Court's Memorandum Opinion and Order dated July 7, 2015 which

dismissed Brian Gideon, Marcio Rojas, Jeremiah Felton, Joseph Herman, Sherman Duncan, and

Jeffrey Lewis as defendants in this case.  ECF Dkt. #s 34, 41, 47.  Defendants have filed a reply brief

in support of the motion for summary judgment and they have filed a brief in opposition to Plaintiff's

"objections" to the Memorandum Opinion and Order.  ECF Dkt. #s 50, 65.

       For the following reasons, the Court DENIES Plaintiff's objections (ECF Dkt. #47),

GRANTS Defendants' motion for summary judgment (ECF Dkt. #59) and DISMISSES Plaintiffs'

complaint against Defendants Bielecki, Novicky and Schoolcraft in its entirety with prejudice.

**I.     FACTUAL AND PROCEDURAL HISTORY**

       Plaintiff first filed suit in this court on or about December 2, 2010 against defendants

Mahoning County Jail, Deputy John Denno, Deputy Matthew Novicky, and Deputy Jeff Schoolcraft.

ECF Dkt. #1 in Case Number 4:10CV2723.  He alleged that the deputies worked at the Mahoning

County Jail while he was a pretrial detainee there and they repeatedly harassed him by verbally

threatening him, opening his legal mail, telling other inmates of Plaintiff's charges, filing

unwarranted conduct reports, calling him names, and stealing his commissary.  *Id.* at 2-3.  He averred

that on December 6, 2008, the deputies used excessive force against him in a cell extraction by punching, kicking and stomping on him.  *Id*.  He requested money damages.  *Id*. at 4.

On May 11, 2011, Judge Lioi dismissed Mahoning County and Mahoning County Jail as defendants in Plaintiff's case pursuant to 28 U.S.C. § 1915(e).  ECF Dkt. #7 in Case Number 4:10CV2723.  Judge Lioi referred Plaintiff's case to the undersigned for general pretrial supervision, including the preparation of a Report and Recommendation on any dispositive motions.  ECF Dkt. #9 in Case Number 4:10CV2723.  The parties thereafter consented to the undersigned's jurisdiction.  ECF Dkt. #18 in Case Number 4:10CV2723.  The remaining deputy defendants filed a motion for summary judgment and on February 27, 2012, the undersigned granted the motion and dismissed Plaintiff's complaint against the remaining defendants without prejudice because Plaintiff failed to exhaust his administrative remedies.  ECF Dkt. #s 22, 33 in Case Number 4:10CV2723.  The Court subsequently denied Plaintiff's Motion to Reinstate his civil case.  ECF Dkt. #47 in Case Number 4:10CV2723.

On July 8, 2013, Plaintiff filed the present action against the Mahoning County Jail, Randall Wellington, Steve Szekley, Gary Bielecki, Brian Gideon, John Denno, Matthew Novicky, Jeff Schoolcraft, Jeffrey Lewis, Jeremiah Felton, Joseph Herman, Sherman Duncan, and Marcio Rojas.  ECF Dkt. #1 at 6 in Case Number 4:13CV1469[1].  He alleged that on December 6, 2008, on his way back to his cell after visiting with his parents, he noticed that his cell had been searched, his food tray was gone, his family pictures were torn in half and a falsified conduct report was sitting on his shelf where his food tray had been sitting. *Id*. at 10.  He averred that he spoke with Defendant Novicky, Defendant Novicky laughed at him and called him names.  *Id*.  Plaintiff indicated that he asked Defendant Novicky to go and get the sergeant but Defendant Novicky refused.  *Id.*

Plaintiff further alleged that he then covered his cell window so that Defendant Novicky would call the sergeant because of a security breach and he refused Defendant Novicky's commands to take down the towel over his window.  ECF Dkt. #1 at 10.  Defendant Novicky then called

---

[1]  All ECF references from this point on in the Memorandum Opinion and Order refer to the instant case number of 4:13CV1469, unless otherwise indicated.

Sergeant Bielecki who arrived at Plaintiff's cell.  *Id*. at 11.  Plaintiff averred that he told Defendant Bielecki about Defendant Novicky's behavior and he complained that Defendant Novicky was abusing his power by continuously harassing Plaintiff.  *Id*. at 11.  He requested that Defendant Bielecki move him away from Defendant Novicky, but Defendant Bielecki told him that he was merely going to replace his food tray, photocopy the pictures that were destroyed, and speak to Defendant Novicky.  *Id.*

Plaintiff alleged that he begged and pleaded with Defendant Bielecki to do something about Defendant Novicky and said that if Defendant Bielecki left, he would pop the water sprinkler head in his cell to get out of the unit.  ECF Dkt. #1 at 11. Plaintiff averred that Defendant Bielecki told him "I wouldn't do that if I were you, you won't like what we do to you" and walked away from the cell.  *Id*.  Plaintiff alleged that thereafter, Defendant Novicky got back on the intercom and began antagonizing Plainitff and Plaintiff "snapped mentally" and popped the water sprinkler in his cell which caused a flood in the segregation unit.  *Id.* at 12.

Plaintiff averred that Defendant Bielecki and 15 unknown John Does appeared at his cell door and told him that he messed up and they were going to "fuck him up really bad this time."  ECF Dkt. #1 at 12.  Plaintiff did not recall whether these individuals had on riot gear.  *Id.*  Plaintiff alleged that the deputies told him to turn around and face the opposite direction of them and to get on his knees, and while he did so, they said,  "That's okay you little bitch!, we're going to fuck you up when we get in there anyways!" *Id.*  Plaintiff then indicated that Defendant Novicky opened the cell door slot and sprayed pepper spray in his face and Defendants Novicky and Schoolcraft entered his cell first.  *Id*. at 13.  Plaintiff alleged that Defendant Novicky grabbed him around his neck in a headlock and struck him in the face with his walkie talkie and then threw him to the floor.  *Id*.  He alleged that at the same time he was being handcuffed behind his back, Defendant Novicky was choking him while other inmates watched and Plaintiff tried to tell the other inmates that Defendant Novicky was trying to kill him. *Id*.  Plaintiff alleged that the entire time that he was being choked out on the ground, all of the other deputies were beating on him even though they knew he was already handcuffed and they continued to punch, knee, elbow, hit and strike him with their hands, fists and feet.  *Id*.

Plaintiff alleged that deputies then picked him up off of the wet flooded floor and carried him into the shower, where he took a shower fully clothed and was then placed him in an isolation cell where he continued to bleed out of his right eye, until the nurses came fifteen minutes later and recommended that he be taken to a hospital.  ECF Dkt. #1 at 13-14.  Plaintiff alleged that he was taken to the hospital and surgery was performed on his face where he had 6-8 stitches in his face and multiple bruises and abrasions all over his body.  *Id.* at 14.

Plaintiff alleges that he signed an incident report prepared by another sergeant out of fear of being hurt again by deputies and he took a plea deal of 10 years on a case just to get away from the deputies.  ECF Dkt. #1 at 14.  Plaintiff requested damages in the amount of $5 million.  *Id*. at 17.

On March 28, 2014, the Court dismissed the Mahoning County Jail and Mahoning County from Plaintiff's lawsuit under the doctrine of res judicata. ECF Dkt. #5 at 6-8.  The Court also dismissed defendants Wellington, Szekley, Gideon, Denno, Lewis, Felton, Herman, Duncan, and Rojas for Plaintiff's failure to state a claim upon which relief could be granted.  *Id*. at 37.  Thus, the only remaining defendants in this case are Defendants Novicky, Schoolcraft, and Bielecki.

On April 11, 2014, Plaintiff filed a motion objecting to the Court's order.  ECF Dkt. #7.  He also filed a motion to amend his complaint on April 14, 2014.  ECF Dkt. #8. The remaining Defendants filed a motion to dismiss Plaintiff's complaint for his failure to state a claim against them.  ECF Dkt. #9. On December 8, 2014, the Court overruled Plaintiff's objections, construing them as a motion for reconsideration, and granting in part Defendants' motion to dismiss by dismissing Plaintiff's claim of verbal harassment.  ECF Dkt. #17.  The Court also granted Plaintiff leave to amend his complaint to raise claims against Gideon, Denno, Lewis, Felton, Herman, Duncan and Rojas.  ECF Dkt. #17.

On January 16, 2015, Plaintiff filed an amended complaint against Defendants Bielecki, Novicky and Schoolcraft, as well as Lewis, Felton, Herman, Duncan, and Rojas.  ECF Dkt. #22.  In this amended complaint, Plaintiff alleged pursuant to 42 U.S.C. §§ 1983 through 1986 that these defendants "abused their authority by deliberately and intentionally causing physical injury to the plaintiff by punching, kicking, kneeing, elbowing, choking, and striking at the body of the plaintiff after he was injured, handcuffed behind his back with his legs shackled together laying face down

-4-

on the floor with Lewis, Felton, Herman, Duncan, Novicky, and Schoolcraft laying on top of him assaulting him profusely.  Bielecki, Gideon, and Rojas watched as this occurred.*" ECF Dkt. #22 at 2-3.  Plaintiff reiterated the facts surrounding the breaking of his water sprinkler on December 6, 2008. *Id*. at 12.  He alleged that he broke the water sprinkler because "Novicky caused him a mental breakdown earlier that day that continued on until mid evening" and Plaintiff requested to be moved away from Defendant Novicky but Defendant Bielecki told him no and told him that if he "popped" the water sprinkler in his cell like he said he was going to then he would not like what would happen when Defendant Bielecki returned. *Id*. at 13.  Plaintiff alleged that Defendants Novicky and Duncan were the first to enter his cell and Defendant Novicky sprayed him in the face and eyes with pepper spray before he entered the cell. *Id*. at 14.  He alleges that Defendant Novicky then grabbed him and placed him in a headlock, struck him in the face with a walkie talkie, grabbed him by the left arm to perform an armbar takedown on him, while Duncan at the same time grabbed him by this back and slammed him to the floor. *Id*. at 14-15.  According to Plaintiff, Lewis acted simultaneously with Defendant Novicky and Duncan by sweeping Plaintiff's legs out from underneath him and all of them took him to the floor. *Id.* at 15.  Plaintiff alleged that Defendant Novicky was straddling him and choking his neck while he was lying face down on the floor while Lewis and Defendant Schoolcraft applied handcuffs behind his back and Duncan was lying across his back applying dead weight on top of him, with Felton and Herman controlling his legs and applying shackles and Felton continuously kneeing him in the lower body after he was handcuffed. *Id.*

Plaintiff averred that Lewis, Felton, Duncan, Herman, and Defendants Novicky and Schoolcraft assaulted him while he was lying on the floor face down and in handcuffs and Defendant Bielecki, Gideon and Rojas sat in the dayroom watching and doing nothing to prevent it or stop it. ECF Dkt. #22 at 15.  He specified each defendant's actions, alleging that he was suing Gideon, Rojas, Lewis, Felton, Herman, and Duncan in their individual and official capacities, and he was suing Defendants Bielecki, Novicky and Schoolcraft "'[i]n their individual capacities, not in their official capacities (to) '[i]n their individual and official capacities.'" ECF Dkt. #22 at 14.  He also made a diagram of his body, showing where each officer allegedly was positioned. *Id*. at 21.

Plaintiff alleged violations of conspiracy, his first amendment right "to enjoy life, liberty, and freedom of speech," his Eighth Amendment right against excessive force, his Sixth and Fourteenth Amendment Rights to Due Process and Equal Protection of the Law, deliberate indifference to his safety, and failure to intervene pursuant to 42 U.S.C. § 1986. ECF Dkt. #22 at 14-27. Plaintiff averred that he suffered physical and emotional injuries and he requested damages in the amount of $5 million. *Id.* at 23.

On January 21, 2015, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #24 at 1. Plaintiff filed a motion for an extension to file his amended complaint, and the Court granted him until March 12, 2015 in which to file the amended complaint. ECF Dkt. #27. Plaintiff filed his amended complaint on March 31, 2015, after the deadline. ECF Dkt. #29. The amended complaint reinserted § 1983 through §1986 claims against Defendants Bielecki, Novicky and Schoolcraft, and against Gideon, Lewis, Felton, Herman, Duncan, and Rojas, concerning causing injury to Plaintiff. *Id.* Plaintiff reiterated his First, Sixth, Eighth and Fourteenth Amendment claims and also averred that the actions of all of the defendants caused him such distress that he entered into a plea agreement with the Mahoning County Prosecutor on other charges that included ten years of mandatory prison time and two life terms to run concurrently. *Id.* at 5.

In response to Plaintiff's amended complaint, Defendants filed a motion to strike the amended complaint, and a motion to dismiss the amended complaint claims against Duncan, Felton, Gideon, Herman, Lewis, and Rojas. ECF Dkt. ##33, 34. Plaintiff filed a brief in opposition to the motions to strike and to dismiss the amended complaint and filed a "supplemental objection" to the motion to dismiss. ECF Dkt. #s 35, 38.

On July 7, 2015, this Court granted Defendants' motion to dismiss the amended complaint claims against Gideon, Rojas, Felton, Herman, Duncan and Lewis, finding that Plaintiff failed to name these defendants before the statute of limitations expired and failed to relate the claims back as required under Rule 15(c) of the Federal Rules of Civil Procedure. ECF Dkt. #41. On July 20, 2015, Plaintiff filed the instant "objection" to the Court's July 7, 2015 Memorandum Opinion and Order. ECF Dkt. #47. On July 24, 2015, Defendants filed a brief in opposition to Plaintiff's "objection." ECF Dkt. #50.

-6-

On October 15, 2015, Defendants Bielecki, Novicky and Schoolcraft filed the instant motion for summary judgment. ECF Dkt. #59. The Court granted Plaintiff an extension until December 30, 2015 in which to file his response to the motion and on January 7, 2016, Plaintiff filed his forty-five page opposition brief with twenty-eight exhibits. ECF Dkt. #62. Defendants filed a reply brief on January 26, 2016 after receiving Court permission in which to do so. ECF Dkt. #65.

## II.   PLAINTIFF'S "OBJECTIONS" TO COURT'S JULY 7, 2015 MEMORANDUM OPINION AND ORDER (ECF DKT. #47)

In this filing, Plaintiff asserts that the Court should not have granted the motion to dismiss Gideon, Rojas, Felton, Herman, Duncan and Lewis based upon his failure to name these defendants before the statute of limitations expired. ECF Dkt. #47-1. Plaintiff contends that the Court should have dismissed his official capacity claims, but should have found that the statute of limitations argument asserted by these defendants was premature because an Order in ECF Dkt. #17 stated that the issue was left to be raised on a summary judgment motion and therefore raising it in a motion to dismiss was res judicata. *Id.* Plaintiff also asserts that this Court erred in stating that he filed his amended complaint on March 31, 2015 after the Court's deadline of March 12, 2015 because he filed the amended complaint on February 23, 2015 and he does not know what happened at the Richland Correctional Institution that resulted in a filing in this Court much later than when he mailed the amended complaint. *Id.* at 2. Finally, Plaintiff asserts that he complied with Judge Lioi's Order which granted him the right to amend his complaint as to Gideon, Denno, Lewis, Felton, Herman, Duncan and Rojas and a tolling period applied to the statute of limitations as he attempted to exhaust his administrative remedies against these individuals. *Id.* at 4.

The Court construes Plaintiff's "objections" as a motion for reconsideration since objections are unavailable due to the consent of the parties to the undersigned's jurisdiction. *See* ECF Dkt. #s 24, 41, 47. "Although 'motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal,' they are 'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.'" *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1998)(quoting *In re August, 1993 Regular Grand Jury*,

-7-

854 F.Supp. 1403, 1406 (S.D.Ind.1994)).  "To be sure, 'a court can always take a second look' at a prior decision; but 'it need not and should not do so in the vast majority of instances,' especially where such motions 'merely restyle or re-hash the initial issues.'"  *Id.*(quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp at 1407).  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"  *Id.* (quoting *In re August, 1993 Regular Grand Jury*, 854 F.Supp at 1408).  Where a party views the law in a light contrary to that of this Court, its "'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'"  *Id.*(quoting *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D.Ohio 1991)).

Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  *See Moody v. Pepsi-Cola Metropolitan Bottling Co.*, 915 F.2d 201, 206 (6th Cir.1990).  The Sixth Circuit has determined that a court should grant a motion for reconsideration only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir.1999) (citations omitted).  A motion under Fed. R. Civ. P. 59(e) is not an opportunity to re-argue a case, but rather is aimed at reconsideration, not initial consideration.  *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Parties should not file motions for reconsideration to relitigate issues that the Court has already considered or to raise arguments which could and should have been made before the issuance of judgment.  *See id.*

The Court DENIES Plaintiff's motion for reconsideration and reaffirms the Court's July 7, 2015 Order.  ECF Dkt. #47.  As to Plaintiff's assertion that res judicata bars Defendants from raising a statute of limitations argument in the motion to dismiss, the Court finds that this contention is without merit.  The fact that the Court indicated in a footnote of its December 8, 2014 Memorandum that it would leave the issues of exhaustion, tolling and timeliness for summary judgment does not require that Defendants wait to raise those issue before that time if Defendants believe that they have

sufficient information and legal analysis to sustain such a claim at a point earlier than summary judgment.

Regarding Plaintiff's assertion about the filing of his amended complaint on February 23, 2015 rather than on March 31, 2015 as found by the undersigned, the Court properly used the date that the Clerk's Office filed the amended complaint without contemplating issues with the prison's mailing system. However, even if the Court used the February 23, 2015 date suggested by Plaintiff and presumed correct his allegations concerning issues over mailing, he was still over six years past the December 6, 2008 incident giving rise to the complaint before he filed allegations against Gideon, Lewis, Felton, Herman, Duncan and Rojas. Section 1983 does not contain its own statute of limitations and thus, courts look to state law in order to determine the proper limitations period and tolling provisions. *Robertson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)(citations omitted). The Sixth Circuit Court of Appeals has determined that "the appropriate statute of limitations for 42 U.S.C. § 1983 actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1983). However, accrual of the claim for relief is governed by federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220. In the instant case, the statute of limitations had well expired before Plaintiff filed his amended complaint and well before he filed his grievances administratively in the Mahoning County Justice Center.

The Court also rejects Plaintiff's assertion challenging the Court's July 7, 2015 Order dismissing Gideon, Rojas, Felton, Herman, Duncan and Lewis. ECF Dkt. #47-1 at 8-9. Plaintiff alleges that his grievances at the Mahoning County Justice Center from April 18, 2012 and June 3, 2013 toll the statute of limitations in this case because those complaints have yet to be ruled upon and exhaustion of those administrative remedies cannot occur until a ruling by prison officials. *Id*. at 9.

As indicated in the July 7, 2015 Order of this Court, the incident giving rise to Plaintiff's § 1983 allegations occurred on December 6, 2008 and he filed his first § 1983 action in this Court

concerning that incident on December 2, 2010 in Case Number 4:10:CV2723. Plaintiff named only Denno, Novicky, and Schoolcraft as defendants in that case. ECF Dkt. #1 in Case Number 4:10CV2723.

That case was dismissed without prejudice on February 27, 2012 for Plaintiff's failure to exhaust his administrative remedies. ECF Dkt. #33. Plaintiff did not name Gideon, Lewis, Felton, Herman, Duncan and Rojas in this first case and did not name "John Does" to indicate these individuals as possible defendants. The fact that he filed grievances at the Mahoning County Justice Center from April 18, 2012 and June 3, 2013 does not toll the statute of limitations as to Gideon, Lewis, Felton, Herman, Duncan and Rojas as the statute had already expired by this time.

In addition, the Court rejects Plaintiff's assertion that because he never received a response from officials at the Mahoning County Justice Center concerning his grievances, the statute of limitations remains open and tolling for the filing of his § 1983 action. The Mahoning County Justice Center's Standard Operating Procedures for Grievances that Plaintiff attached to his "objections" indicates references to Ohio Standards: 5120:1-8-16 and ACA Standards: 3-ALDF-3E-11. The procedure indicates that if a grievance is filed and cannot be resolved at the initial stages to the prisoner's satisfaction within five days, a grievance committee will be convened to resolve the issue with the prisoner possibly appearing before the Committee to present his case, and the Committee will make a decision within 15 days. *Id*. at 2. If the prisoner is dissatisfied with the Committee's ruling, the prisoner may appeal to the Warden and the Warden will have the ultimate ruling and must issue a written ruling within 10 days of the prisoner's appeal. *Id*.

Even if the applicable § 1983 statute of limitations in this case had not already expired before Plaintiff filed any administrative grievances, extending or tolling the statute of limitations for an unlimited period of time because jail officials failed to respond is an extreme remedy, especially in light of the time limits specified by the Mahoning County Justice Center's grievance procedure indicating when a response should be filed.

For these reasons, the Court denies Plaintiff's motion for reconsideration (ECF Dkt. #47) and reaffirms the July 7, 2015 Order which struck Plaintiff's claims against Gideon, Rojas, Felton, Herman, Duncan and Lewis, struck his claims asserted against these officers in their official

-10-

capacities, and concluded that the only remaining Defendants in this case are Defendants Bielecki, Novicky and Schoolcraft (ECF Dkt. #43). Plaintiff also concedes that John Denno should be dismissed from the instant case and the Court therefore dismisses John Denno from the instant case at Plaintiff's request. ECF Dkt. #47-1 at 9.

### III.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF DKT. #59)

Remaining Defendants Novicky, Schoolcraft and Bielecki move for summary judgment, asserting that no genuine issues of material fact exist and they are entitled to judgment as a matter of law on all claims asserted against them in their individual capacities by Plaintiff. ECF Dkt. #59. Defendant Bielecki asserts that Plaintiff's claims against him are time-barred and Defendant Bielecki and the other remaining Defendants also assert that Plaintiff's excessive force claims are meritless, his deliberate indifference claims are not viable, and Defendants are otherwise entitled to qualified immunity on all of his claims. *Id.* at 4-15.

### A.    STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c).

This Court must view evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir.2008). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir.2008). Determination of whether a factual issue is "genuine"

-11-

requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court will decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Anderson*, 477 U.S. at 252.

Upon filing a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the nonmoving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.2009) (citation omitted); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n. 12 (6th Cir.1989). The moving party, however, is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In response, if the moving party establishes the absence of a genuine issue of material fact, in order to defeat summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir.2009) (citation omitted). In this regard, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment"; rather, "Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379–80 (6th Cir.2007) (citation omitted); *see also Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir.2008)(citation omitted). Moreover, the non-moving party must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87, 106 S.Ct. 1348; see also *Barr v. Lafon*, 538 F.3d 554, 574 (6th Cir.2008).

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor

of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87, 106 S.Ct. 1348; *see also Anderson*, 477 U.S. at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict—whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." (emphasis in original) (internal quotations omitted)).

"If the defendant successfully demonstrates, after a reasonable period of discovery, that the plaintiff cannot produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment is appropriate." *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 576 (6th Cir.2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

### B.     LAW AND ANALYSIS

#### 1.     DEFENDANT BIELECKI AND TIME-BARRED CLAIMS

The Court finds that Plaintiff's claims against Defendant Bielecki are barred by the applicable statute of limitations and therefore GRANTS Defendant Bielecki's motion for summary judgment on all of Plaintiff's claims. ECF Dkt. #59. As explained above, because Section 1983 does not contain its own statute of limitations, courts look to state law in order to determine the proper limitations period. *Robertson*, 399 F.3d at 794. The Sixth Circuit Court of Appeals has determined that "the appropriate statute of limitations for 42 U.S.C. § 1983 actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Browning*, 869 F.2d at 992. Plaintiff has also sued Defendant Bielecki pursuant to 42 U.S.C. §§ 1985 and 1986 for failing to prevent class or race-based discrimination. ECF Dkt. #1. The statute of limitations for filing a § 1985 claims is two years and the statute of limitations for filing a § 1986 claim is one year after the cause of action accrues. 42 U.S.C. § 1986.

Accordingly in this case, Plaintiff was required to file his §§ 1985 and 1983 claims within two years from December 6, 2008, or by December 6, 2010. He was required to file his § 1986 claims against Defendant Bielecki on or before December 6, 2009. In his first lawsuit filed on December 2, 2010 in Case Number 4:10CV2723, Plaintiff sued only Defendants Denno, Novicky and Schoolcraft. ECF Dkt. #1 in Case Number 4:10CV2723. In the instant case, Plaintiff did not

execute his complaint until May 30, 2013, well after the statute of limitations had expired.  Thus, Plaintiff has failed to timely file his claims against Defendant Bielecki.  Consequently, the Court GRANTS Defendant Bielecki's motion for summary judgment and DISMISSES Plaintiff's complaint against him with prejudice because the claims are time-barred.  ECF Dkt. #59.

### 2.  DEFENDANTS NOVICKY AND SCHOOLCRAFT: TIME-BARRED CLAIMS AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Court notes that Plaintiff's first complaint in Case Number 4:10CV2723 against Defendants Novicky and Schoolcraft, among others, was dismissed without prejudice on February 27, 2012 for Plaintiff's failure to exhaust his administrative remedies.  ECF Dkt. #s 33, 34.  When Plaintiff filed the instant case on July 8, 2013, Defendants filed a motion to dismiss the claims as time-barred.  ECF Dkt. #9 at 3 in Case Number 4:13CV1469.  The Court dismissed all of Plaintiff's named defendants on March 28, 2014, except for Defendant Bielecki, who has since been dismissed, and Defendants Novicky and Schoolcraft.  ECF Dkt. #5.  In allowing the claims to go forward against Defendants Bielecki, Novicky and Schoolcraft, the Court specifically indicated that it was unaware of whether Plaintiff had exhausted his administrative remedies and therefore whether the statute of limitations barred Plaintiff's claims against these defendants.  *Id*. at 6, fn. 2.

On December 8, 2014, the Court again raised the statute of limitations and Plaintiff's exhaustion of administrative remedies against Defendant Novicky and Schoolcraft when it denied Defendants' motion to dismiss under Rule 16(b)(6) of the Federal Rules of Civil Procedure, finding that it was impossible to determine statute of limitations issues such as tolling because Plaintiff offered no insight as to his assertion that he was pursuing the state administrative remedies against them.  ECF Dkt. #17 at 7-8, fn. 4.   The Court noted that it was unclear whether Plaintiff had exhausted his administrative remedies because  Plaintiff represented in his sur-reply that he was still trying to exhaust his remedies and had not received a response from jail officials.  *Id*.  The Court indicated that:

> [i]t may be that, after the record is developed during discovery, defendants will be able to meet their burden of demonstrating that plaintiff still has not exhausted his remedies, in which case dismissal would be appropriate. [citations omitted].
>
> * * *

-14-

> Defendants may also be able to demonstrate that, notwithstanding a tolling, the claims are still time barred. Nonetheless, the Court leaves the issues of exhaustion, tolling, and timeliness for summary judgment.

*Id.* at 7-8, fn 4.

In their motion for summary judgment, Defendants raise the issue of a statute of limitations bar as to Plaintiff's claims against Defendant Bielecki. ECF Dkt. #59 at 4-5. The Courts find that the statute of limitations bars Plaintiff's claims against Defendants Novicky and Schoolcraft as well.

Plaintiff's claims against Defendants Novicky and Schoolcraft as stated in the instant amended complaint stem from an incident occurring on December 6, 2008. ECF Dkt. #22 at 2. The two-year statute of limitations for Plaintiff's § 1983 and § 1985 claims began running the day after the incident and the one-year statute of limitations for his § 1986 claims began running on the same date. *See* 42 U.S.C. § 1986; Ohio Rev. Code § 2305.10; *see also Robertson*, 399 F.3d at 794; *Swartz v. Eastman*, 194 F.3d 1314, 1999 WL 801570 at *1 (6th Cir. 1999). Thus, the statute of limitations for filing a lawsuit against Defendants Novicky and Schoolcraft under § 1986 expired on December 6, 2009 and the statute of limitations for filing claims pursuant to §§ 1983 and 1985 expired on December 6, 2010. *Id.*

Plaintiff first sued Defendants Novicky and Schoolcraft on December 2, 2010 in Case Number 4:10CV2723, well after the one-year statute of limitations for filing a § 1986 claim expired. ECF Dkt. #1 in Case Number 4:10CV2723. Contrary to Plaintiff's assertion, Ohio's Savings Statute, Ohio Revised Code § 2305.19, which adds an extra year to the statute of limitations if a plaintiff's claims fail otherwise than on the merits, does not apply to § 1986 claims because § 1986 contains an express one-year statute of limitations. *See Walker v. City of Lakewood*, 742 F.Supp. 429, 431 (N.D. Ohio 1990). Thus, Plaintiff's § 1986 claims against Defendants Novicky and Schoolcraft are untimely and barred by the statute of limitations as he filed these claims nearly a year after the statute of limitations expired. The Court therefore dismisses Plaintiff's § 1986 claims against Defendants Novicky and Schoolcraft with prejudice.

As to Plaintiff's § 1983 and § 1985 claims against Defendants Novicky and Schoolcraft, Plaintiff had until December 6, 2010 in which to bring these claims. Plaintiff originally raised his claims against these Defendants on December 2, 2010, four days before the expiration of the statute

of limitations. ECF Dkt. #1 in Case Number 4:10CV2723. This Court issued a Memorandum Opinion and Order on February 27, 2012 dismissing Plaintiff's claims without prejudice because he failed to exhaust his administrative remedies. ECF Dkt. #s 33, 34 in Case Number 4:10CV2723. The statute of limitations tolled from December 2, 2010 until February 27, 2012 when the Court issued its order dismissing Plaintiff's claims for his failure to exhaust.

In a motion to reinstate his case, Plaintiff indicated that he had returned to state court "and filed all the proper grievance procedures available to him," but the "Mahoning County Justice Center" had failed to respond to his grievance. ECF Dkt. #43 at 2-3 in Case Number 4:10CV2723. Plaintiff attached a copies of certified mail receipts addressed to the Mahoning County Justice Center (ECF Dkt. #43-1 at 1, two documents entitled "Certificate of Service" dated April 9, 2012 and April 19, 2012 indicating that Plaintiff had served the Mahoning County Justice Center with a "complaint," (ECF Dkt. #43-2), and a copy of the Inmate Request/Complaint Form filed with the Mahoning County Sheriff's Department accompanied by a "Statement of Verity" dated March 30, 2012 and signed by Plaintiff and notarized (ECF Dkt. #43-4).

Plaintiff also attaches letters to his response to Defendants' motion for summary judgment that he sent to numerous attorneys, the Ohio State Highway Patrol, "Internal Affairs," and the Ohio Department of Rehabilitation and Correction, concerning his allegations against Defendants. ECF Dkt. #62-15 in Case Number 4:13CV1469. He also attaches a domestic return receipt showing the sending of a document to the Mahoning County Justice Center with an illegible date, a domestic return receipt showing the sending of a document to Randall Wellington, then Mahoning County Sheriff, on June 4, 2013 and personal withdrawal check out slips dated April 6, 2012, April 11, 2012, and May 26, 2013. *Id.* Plaintiff further attaches an April 3, 2012 letter that he sent to the Assistant Chief of the Ohio Department of Rehabilitation and Correction informing the Assistant Chief that he had not received a response from former Sheriff Wellington after he sent his complaint to the Assistant Chief and the Assistant Chief wrote back and indicated that he had sent Plaintiff's complaint to former Sheriff Wellington. *Id.* at 9. Plaintiff additionally attaches a letter dated May 26, 2013 to former Sheriff Wellington indicating that he had filed that complaint with the Justice Center and never received a response. *Id.* at 10.

-16-

None of Plaintiff's attachments demonstrate proper exhaustion of his administrative remedies and the letters, receipts and other documents do not show compliance with the Mahoning County Justice Center's grievance procedure.  Even presuming that Plaintiff's earliest filing on March 30, 2012 definitively showed that he properly exhausted his administrative claims, it is filed beyond the statute of limitations for bringing claims against Defendants Novicky and Schoolcraft.  The two-year statute of limitations ran from December 6, 2008, the date of the incident, through December 2, 2010 when Plaintiff filed his first complaint in Case Number  4:10CV2723.    Thus, of the 730 days allowed in which to file his claims against these Defendants, from December 6, 2008 through December 6, 2010, (365 days in a year multiplied by 2 years) 726 days had expired from the statute of limitations clock as 365 days ran from December 6, 2008 through December 6, 2009, plus another 361 days ran from December 6, 2009 through December 2, 2010 when Plaintiff filed the first complaint. Plaintiff filed his complaint in Case Number 4:10CV2723 and this Court dismissed that complaint without prejudice for Plaintiff's failure to exhaust his administrative remedies.  ECF Dkt. #33 in Case Number 4:10CV2723.  The period from December 2, 2010 through February 27, 2012 was tolled for statute of limitations purposes while Plaintiff's case was pending before the Court.

Further, while "[t]he statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies," *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012), citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir.2000), the record shows that the statute of limitations expired before Plaintiff even attempted to exhaust his administrative remedies after the Court's February 27, 2012 Memorandum Opinion and Order in Case Number 4:10CV2723. Plaintiff's attachments show that it was not until March 30, 2012 when he first attempted to exhaust his administrative remedies as the statement of verity that Plaintiff attached to his motion for leave to reinstate his complaint in Case Number 4:10CV2723 is the earliest dated attempt.  Thus, the 32 days between the date of the Court's February 27, 2012 Memorandum Opinion and Order through Plaintiff's showing of his first attempt to exhaust his remedies was not tolled because no evidence shows that Plaintiff was attempting to exhaust during this time period.  Accordingly, the statute of limitations expired.

Thus, even accepting Plaintiff's filings as fully compliant with the procedure for filing grievances at the Mahoning County Justice Center, the statute of limitations had already expired by the time that Plaintiff began exhausting his administrative remedies. Moreover, Plaintiff did not execute the complaint in the instant case until May 30, 2013, still well beyond the statute of limitations. ECF Dkt. #1 in Case Number 4:13CV1469.

Plaintiff complains that he waited for a response from former Sheriff Wellington and the Mahoning County Justice Center as to his complaints about the instant incident and their lack of responses resulted in an unreasonable delay which should toll the statute of limitations. However, as explained above with Plaintiff's motion for reconsideration, extending or tolling the statute of limitations for an unlimited period of time because jail officials failed to respond is an extreme remedy, especially in light of the time limits specified by the Mahoning County Justice Center's grievance procedure indicating when a prisoner or pretrial detainee should expect a response and move on to the next step in the grievance procedure. The Mahoning County Justice Center's Standard Operating Procedures for Grievances that Plaintiff attached to his "objections" refers to Ohio Standards: 5120:1-8-16 and ACA Standards: 3-ALDF-3E-11. The procedure indicates that if a grievance is filed and cannot be resolved at the initial stages to the prisoner's satisfaction within five days, a grievance committee will be convened to resolve the issue with the prisoner possibly appearing before the Committee to present his case, and the Committee will make a decision within 15 days. *Id.* at 2. If the prisoner is dissatisfied with the Committee's ruling, the prisoner may appeal to the Warden and the Warden will have the ultimate ruling and must issue a written ruling within 10 days of the prisoner's appeal. *Id.* Thus, even if the Court accepts that Plaintiff properly complied with the entire grievance process, and even if the Court doubled the time in which Plaintiff should have received a response from former Sheriff Wellington as a reasonable time period to receive a response, Plaintiff has still untimely filed his claims against Defendant's Novicky and Schoolcraft as he executed the complaint in the instant case on May 30, 2013. ECF Dkt. #1.

In addition, the Ohio Savings Statute, Ohio Revised Code § 2305.19, does not help Plaintiff. That statute allows a party to re-file an action within one year of the date of certain circumstances, including a failure of a cause of action otherwise than upon the merits. Ohio Rev. Code §

-18-

2305.19(A).  The Ohio Savings Statute applies to §§ 1983 and 1985 claims because "[w]hen the statute of limitations is borrowed from state law, so too are the state's tolling provisions, except when they are 'inconsistent with the federal policy underlying the cause of action under consideration.'" *Cooper v. City of Westerville, Ohio*, No. 2:13CV427, 2014 WL 617650, at *4-5 (S.D. Ohio Feb. 14, 2014), citing *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 537 (6th Cir.2010) (quoting *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)).  In order for Ohio's Savings Statute to apply, Plaintiff's claims must have "1) failed otherwise than upon the merits, and 2) plaintiff must have re-filed those claims either within one year of the date of such failure or within the period of the original statute of limitations, whichever occurs last."  *Cooper*, 2014 WL 617650, at *5, citing Ohio Rev. Code § 2305.19.

      In the instant case, Plaintiff has filed his complaint neither within the original statute of limitations nor within one year of the date of the Court's February 27, 2012 Memorandum Opinion and Order dismissing his claims because he failed to exhaust his administrative remedies.  Accordingly, Ohio's Savings Statute does not aid in helping Plaintiff to meet the statute of limitations for his claims.  Moreover, Plaintiff's instant complaint is still untimely filed against Defendants Novicky and Schoolcraft even if the Court applies the one-year Savings Statute as the Court issued its failure to exhaust Order dismissing Plaintiff's case on February 27, 2012 and Plaintiff did not attempt to exhaust until at the earliest March of 2012.  Giving Plaintiff the benefit of the doubt and accepting this March 2012 filing as the start of the administrative grievance process, and adding the one-year Savings Statute, still renders Plaintiff's instant complaint untimely as the statute of limitations would have expired in March of 2013 and Plaintiff did not execute the instant complaint until May 30, 2013.  Further, even if the Court doubles the 30-day period that it believes to be a reasonable time period in which Plaintiff should have received a response and adds that to the start of the grievance process, and the Court adds the one-year Ohio Savings Statute, Plaintiff has still untimely filed the instant complaint, as he would have had until April 27, 2013 in which to file his complaint in the instant case. Plaintiff did not execute the instant complaint until May 30, 2013.

-19-

**IV.**    **CONCLUSION**

For the foregoing reasons, the Court CONSTRUES Plaintiff's "objections" as a motion for reconsideration, DENIES the motion for reconsideration (ECF Dkt. #47), GRANTS the motion for summary judgment filed by Defendants Bielecki, Novicky and Schoolcraft (ECF Dkt. #59) and DISMISSES Plaintiffs' complaint in its entirety WITH PREJUDICE.

IT IS SO ORDERED.

SIGNED AND ENTERED on this 1st day of February, 2016.


                                        */s/ George J. Limbert*
                                        GEORGE J. LIMBERT
                                        UNITED STATES MAGISTRATE JUDGE

-20-